Submitted March 31, reversed and remanded September 30, 2009,
petition for review denied February 18, 2010 (347 Or 718)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSEPH WORTH, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
060532697; A136299

218 P3d 166

Peter Gartlan, Chief Defender, Legal Services Division, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Rolf C. Moan, Acting Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted of two counts of first-degree kidnapping, ORS 163.235; three counts of first-degree sexual abuse, ORS 163.427; one count of first-degree unlawful sexual penetration, ORS 163.411; and one count of second-degree assault, ORS 163.175.[1] On appeal, he raises three assignments of error. First, defendant asserts that the state failed to lay a sufficient foundation for the introduction of DNA evidence at trial. Second, he argues that the trial court erred in denying his motion for a mistrial when the prosecutor argued during closing argument that the presumption of innocence no longer applied to defendant. Third, he contends that the trial court erred in imposing consecutive sentences—an argument that is foreclosed by *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009). For the reasons set forth below, we conclude that the trial court erred in denying defendant's motion for a mistrial. Accordingly, we reverse and remand on that basis, and need not reach defendant's other arguments.

Because defendant was convicted after a jury trial, we state the facts in the light most favorable to the state. *State v. Johnson*, 342 Or 596, 598, 157 P3d 198 (2007), *cert den*, ____ US ____ , 128 S Ct 906, 169 L Ed 2d 753 (2008). The victim, a minor, was returning to her mother's apartment one evening when, a short distance away from the apartment, she was approached by defendant. Defendant offered the victim drugs, which she refused. Defendant continued to follow the victim toward her home. When they reached the building next to the victim's residence, defendant pushed the victim against a wall and put a knife to her throat. The victim struggled to escape, but defendant threw her to the ground and hit and choked her. Defendant then dragged the victim into a portable toilet located nearby, where he pulled off some of the victim's clothing and then proceeded to sexually assault her.[2]

---

[1] Judge Frank L. Bearden was the sentencing judge in this case and accordingly signed the judgment from which this appeal is taken. However, he did not preside during the trial, nor did he make the ruling that is challenged on appeal.

[2] The victim described the sexual assault, during which defendant had pushed her up against the wall of the portable toilet, as involving digital penetration. Although the victim reported that defendant touched her with his penis, she had no specific recollection of a rape.

Thereafter, he tied her hands with her shirt, told her to wait 10 minutes, then left.

The victim waited a few minutes and then returned home. She reported the attack immediately and was transported to the hospital. She was treated for numerous injuries, including bruising and swelling on the face, a broken nose, and cuts on her neck and hand. She also had an abrasion in her genital area. A sexual assault examination was conducted, and swabs from a sexual assault kit were collected from several parts of the victim's body.

The swabs were sent to the Oregon State Police Crime Lab, where DNA tests were conducted. Several of the swabs taken from the chest and thigh of the victim revealed semen that contained DNA that ultimately was matched to defendant's DNA profile. Initial testing of swabs taken from the victim's vagina did not reveal defendant's DNA but, because one of the analysts saw a sperm head when examining this material, the vaginal swabs were sent to the SERI forensic laboratory in California that specializes in certain types of DNA tests, including a test called Y-STR DNA that targets the male chromosome. That test revealed DNA from a vaginal swab that matched defendant's DNA. When defendant ultimately was arrested on a warrant, he was found in possession of a knife that the Oregon State Police Crime Lab determined to have his DNA as well as the victim's DNA on it. The victim identified defendant in a photo throwdown with 50 to 60 percent confidence and subsequently identified him at trial as well.

At the conclusion of the evidence, the prosecutor began her closing argument:

"[PROSECUTOR]: * * * I want to thank you for your time and attention over the past few days in listening to this case, this criminal case against this man, *who now does not sit before you presumed innocent*. He sits before you—

"[DEFENSE COUNSEL]: Objection, Your Honor.

"THE COURT: Basis?

"[DEFENSE COUNSEL]: Objection. The DA just said he wasn't presumed innocent, but he is.

"THE COURT: He's presumed innocent and I will instruct the jury to that * * * point.

"[PROSECUTOR]: But for a few more minutes, sits before you presumed innocent, until you shut that door and start deciding the facts of this case and how the law applies to the facts of that case.

"[DEFENSE COUNSEL]: Objection, Your Honor. He's presumed innocent at the deliberation.

"THE COURT: Okay. Okay. That—overruled. You made your point."

(Emphasis added.)

The prosecutor then reviewed the evidence as it related to each of the charges, and toward the end of her closing argument, stated that "[w]hen that door shuts, when you sit down and you take your initial vote, the presumption of innocence is over." Defense counsel then stated that he had a matter for the court and was heard off the record in chambers.

In his closing argument, defense counsel countered the prosecutor's statements by emphasizing that defendant "is presumed innocent as you deliberate."

After closing arguments, the court noted on the record that defense counsel had made a motion for a mistrial in chambers based on the prosecutor's comments and that the court had denied the motion on the ground that the comments were permissible during closing argument. The court then allowed defense counsel to put his objection on record:

"The presumption of innocence is required by fair trial provisions of the Oregon Constitution and the due process clause of the Federal Constitution. [Defendant] has been denied fair trial because the prosecutor told the jury three times that he was no longer presumed innocent.

"She first said that, right now, he's no longer presumed innocent, and then she revised that, 'Oh, she's—he's no longer presumed innocent once they get into the jury room.' But the very essence of the presumption of innocence is that he is presumed innocent when the jury goes into the jury room.

"This repeated reference to him no longer being presumed innocent and no corrective instruction at the time and my objections being overruled has made it so that the jury is now quite likely no longer feeling like they need to take seriously that presumption of innocence."

Thereafter the court instructed the jury. One of the instructions stated:

"To each of these charges, the defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt. The burden is on the State to prove the guilt of the defendant beyond a reasonable doubt."

The court went on to instruct the jury on reasonable doubt but gave no further instruction concerning the presumption of innocence.

Thereafter, the jury convicted defendant of the crimes stated above and acquitted him on the first-degree rape count. At sentencing, the court imposed consecutive sentences on a number of the convictions.

On appeal, defendant first argues that the trial court erred in admitting the DNA evidence from both the Oregon State Police Crime Lab and from the SERI forensic lab in California. In particular, defendant contends that the state failed to lay an adequate foundation for this scientific evidence pursuant to *State v. Brown*, 297 Or 404, 687 P2d 751 (1984), and *State v. O'Key*, 321 Or 285, 899 P2d 663 (1995). Defendant also argues that the trial court erred in denying his motion for a mistrial based on the prosecutor's comments. We do not reach defendant's arguments concerning whether an adequate foundation was laid for the DNA evidence, because we conclude that the trial court erred in denying defendant's motion for a mistrial.

We review a trial court's decision to deny a mistrial due to a prosecutor's conduct for abuse of discretion. *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007). In doing so, we consider whether the decision was within a range of legally correct choices and whether it produced a permissible, legally correct outcome. *State v. Martinez*, 224 Or App 588, 592, 198 P3d 957 (2008), *rev den*, 346 Or 364 (2009). "Even if we conclude that a prosecutor's

conduct was improper, a trial court does not abuse its discretion by denying a mistrial unless the effect of the prosecutor's conduct was to deny a defendant a fair trial." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008) (citing *Bowen*, 340 Or at 508). Generally, a jury instruction is adequate to cure any prejudice caused by a prosecutor's misstatement. *Id.*

■   However, as explained below, in this case, the trial court erred in overruling defendant's objections to the prosecutor's misstatements of the law. Moreover, the court did not appear to recognize that it had erred in doing so and, accordingly, did not exercise its discretion to correct its erroneous rulings. Because, under the circumstances, the effect of those errors was to deny defendant a fair trial, the court's decision to deny defendant's motion for a mistrial did not fall within the range of legally correct choices and did not produce a permissible, legally correct outcome. *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (explaining that, in some circumstances, a trial court can err if it "fails to exercise discretion, refuses to exercise discretion[,] or fails to make a record which reflects an exercise of discretion"); *see also State v. Pemberton*, 226 Or App 285, 289, 203 P3d 326 (2009) (holding that, under *Mayfield*, the exercise of discretion based on a mistaken premise of law can be a failure to properly exercise discretion).

■   In this case, defendant argues persuasively that the prosecutor misstated the law in closing argument, relying on *State v. Rosasco*, 103 Or 343, 357, 205 P 290 (1922):

"The presumption of innocence is not a mere form, but a substantial part of the law, that remains with the defendant from the beginning of the trial until a verdict is found. The law presumes every defendant upon trial charged with crime to be innocent, and it devolves upon the prosecution to prove by evidence to the satisfaction of the trial jury, beyond a reasonable doubt, that the defendant committed the crime charged in the indictment. The burden of proof is never shifted from the state to the defendant, but remains with the state throughout the trial, to establish every constituent element of the crime as charged[.]"

The state responds that the prosecutor's comments were not, in fact, inconsistent with the law, because they "would

reasonably be understood to say only that the presumption of innocence disappears once the state has—in the jury's eyes—produced sufficient evidence to prove guilt beyond a reasonable doubt and thereby overcome the presumption." Even if the state is correct that the prosecutor's remarks can be read as meaning that, we disagree with that statement as well; the presumption of innocence does not evaporate when the evidence is closed: the presumption remains in place while the jury, as a group, deliberates on that evidence. As the Supreme Court stated in *State v. Elliott*, 234 Or 522, 527, 383 P2d 382 (1963):

> "[A] defendant is presumed innocent of the offense charged and every necessary element thereof until his guilt is established beyond a reasonable doubt. *Doubt is only removed when a jury returns a verdict of guilty, for the presumption of innocence is a disputable question which goes with the jury into the jury room for consideration.*"

(Emphasis added.) We have no trouble concluding that, under the authorities cited above, all three of the prosecutor's statements quoted above were misstatements of the law.[3]

The question remains whether the trial court erred in the manner in which it dealt with the prosecutor's comments. We consider the statements *seriatim*. The first statement to which defense counsel objected was the prosecutor's statement that defendant "does not sit before you presumed innocent." The court, while not specifically stating that the objection was sustained, responded, "He's presumed innocent and I will instruct the jury to * * * that point." We understand the court's response to be, in effect, an admonition to the jury that defendant was, in fact, still presumed innocent at that point and that the prosecutor's statement was incorrect. Thus, we reject defendant's assertion that, at that point, the court implicitly overruled his objection to the prosecutor's statement. Rather, we view the court as having given a brief admonition to the jury that the presumption of innocence was still in place.

---

[3] The state also argues that, even if the prosecutor's statements were, in fact, inconsistent with the law, defendant failed to make a timely and proper objection in order to preserve the issue for appeal. We disagree. The state makes no effort to explain its assertion that defendant's objections, as set forth in detail above, were untimely. We reject the state's preservation argument without further discussion.

■ ■   The court's response to the prosecutor's other two comments, however, is far more problematic. As noted, the prosecutor's second comment was that defendant was "presumed innocent, until you shut that door and *start* deciding the [facts] of this case * * *." (Emphasis added.) That also was a misstatement of the law—the presumption continues past the "start" of deliberations; it remains in place until deliberations are complete. The court, however, overruled defendant's objection. The prosecutor's third statement—"[w]hen that door shuts, when you sit down and you take your initial vote, the presumption of innocence is over"—is legally incorrect for the same reason her second statement was incorrect. The presumption does not end when the door shuts, when the deliberation begins, or an "initial vote" is taken. Again, however, the court overruled defendant's objection. The trial court reasoned, in overruling those objections, that the argument was permissible, and thus denied defendant's motion for a mistrial.

■   In this case, the court's response to the prosecutor's first misstatement did not fully address the problems created by the prosecutor's subsequent misstatements. Given the court's overruling of defense counsel's subsequent objections on the ground that the prosecutor's statements constituted permissible argument,[4] we conclude that there was at least the potential for the jury to be confused about the presumption of innocence. We conclude that, although the prejudice from the prosecutor's misstatements concerning the presumption of innocence could have been remedied by a curative instruction, the fact remains that it was not, because the court did not perceive any error or prejudice to remedy. *See Davis*, 345 Or at 582 (generally, a proper jury instruction "is adequate to cure any presumed prejudice from a prosecutor's misconduct").

---

[4] This is not a case in which we conclude that defendant's failure to request further curative instructions weighs against his argument in favor of a mistrial. In *State v. Evans*, 211 Or App 162, 169, 154 P3d 166 (2007), *aff'd*, 344 Or 358, 182 P3d 175 (2008), we stated that "in evaluating whether the trial court abused its discretion in denying defendant's mistrial motion, we take into account that, to the extent that the trial court did not deliver a curative instruction, it was because defendant elected not to request one." Here, given the court's ruling that the prosecutor's second and third statements constituted permissible argument, we conclude that a request for further curative instructions would have been futile.

The question, then, reduces to whether defendant's right to a fair trial was compromised by the prosecutor's statements such that the court erred in denying defendant's motion for a mistrial. We summarize the pertinent facts: The court, after the prosecutor informed the jury that the presumption of innocence had already ended, told the jury that defendant was presumed innocent. Thereafter, the prosecutor misstated—twice—that the presumption would end when the jury began its deliberations and the trial court did not correct those misstatements; indeed, the court compounded the prejudice by overruling—in the presence of the jury—an objection to the misstatements in the apparent belief that the prosecutor's argument was permissible. Defense counsel then correctly informed the jury that the presumption continued throughout deliberations. Finally, the court correctly instructed the jury that "defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt," and that the burden was on the state to prove the guilt of the defendant beyond a reasonable doubt.

■ When ruling on a mistrial motion, a court is to decide "whether to grant the motion, to cure the effect of inappropriate conduct or testimony by giving a proper instruction instead, or to do nothing at all." *State v. Evans*, 211 Or App 162, 166, 154 P3d 166 (2007), *aff'd*, 344 Or 358, 182 P3d 175 (2008). In this case, the trial court gave the jury at least some guidance concerning the matter brought to the court's attention by way of the motion for mistrial. First, the court indicated, in the jury's presence, that the presumption of innocence had *not* ended at the point when the prosecutor made the first misstatement in closing argument. Had the matter stopped there, we would have no trouble concluding that the court's giving of a proper instruction had cured the effect of the inappropriate statement. The problem, however, is that the prosecutor went on to make another, factually different, misstatement—that the presumption of innocence would end as soon as the jury began its deliberations. The trial court overruled defendant's objection to that misstatement (which was, in fact, repeated again later by the prosecutor). Thus, the second misstatement was not merely a misstatement made in passing that arguably was ameliorated by defense counsel's later statement that the presumption of innocence

continued during deliberations; rather, the second misstatement was made and objected to, and the jury heard the court overrule the objection. The overruling of that objection gave the jury reason to think that the prosecutor's statement was, in fact, a correct statement of the law. Finally, the court's generic instructions—that defendant was presumed innocent until proven guilty beyond a reasonable doubt and that the burden was on the state to so prove—did not provide guidance as to the longevity of the presumption of innocence, such as to remove confusion about whether the presumption of innocence extended through jury deliberations.

In these circumstances—where the trial court erred in overruling defendant's objections to the prosecutor's misstatements in closing about the presumption of innocence, the court failed to recognize that it had erred, and the court did not sufficiently correct the error—the overall effect of the prosecutor's misstatements was to deny defendant a fair trial. *Davis*, 345 Or at 583. Accordingly, the court's decision to deny defendant's motion for a mistrial did not fall within the range of legally correct choices and did not produce a permissible, legally correct outcome.

Reversed and remanded.