237 P.3d 894 (2010)
236 Or. App. 640
STATE of Oregon, Plaintiff-Respondent,
v.
Ernesto Alexander ROMERO, Defendant-Appellant.
070833871; A138124.
Court of Appeals of Oregon.
Argued and Submitted December 22, 2009.
Decided August 18, 2010.
*895 Ryan T. O'Connor, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.
David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before WOLLHEIM, Presiding Judge, and BREWER, Chief Judge, and SERCOMBE, Judge.[*]
BREWER, C.J.
Defendant appeals his convictions for unlawful use of a vehicle and possession of a stolen vehicle. In a single assignment of error, he challenges the trial court's order granting the state's motion to postpone the trial of this case on the ground that one of the state's witnesses had moved out of state and was unavailable for trial.[1] As a sanction for the state's failure to procure the attendance of the witness, the trial court dismissed with prejudice another criminal case, State v. Romero (A137858), in which defendant was charged with unlawful possession of methamphetamine (the drug case). The state appealed the judgment dismissing the drug case. We reversed and remanded that case on the ground that the trial court lacked authority to dismiss that case as a sanction for the state's lack of readiness for trial in this case. State v. Romero, 236 Or.App. 624, ___, 237 P.3d 887 (2010). Defendant argues on appeal that, if we conclude that the court had no authority to dismiss the drug case as a sanction for the state's conduct in this case, we should reverse his convictions and remand this case so that the trial court may reconsider its ruling on the state's motion to postpone. For the reasons that follow, we reverse and remand.
Much of the salient procedural history is set out in our opinion in the drug case, and we will not repeat most of it here. What does bear emphasis is the trial court's understanding that it had authority to dismiss either of the two cases pending against defendant as a sanction for the state's lack of readiness to proceed in this case. In granting the motion to postpone in this case, the court stated:
"The alternative is to dismiss [the theft case], which was one of the things I was considering. And I'm instead taking into account that one has a victim named with circumstances and they're special, and the other does not.
"[THE PROSECUTOR]: But, Judge, there's no reason to dismiss [the drug case].
"THE COURT: Except as a lesser, in my view, remedy for  that is more appropriate *896 under the circumstances, taking into account there's a victim in [the theft case]. Otherwise, I would dismiss this one. So if you disagree, we'll switch it."
After the court granted the state's motion to postpone, this case was tried to a jury, and defendant was convicted of unlawful use of a vehicle and possession of a stolen vehicle. On appeal, defendant seeks reversal of his convictions and remand for the trial court to reconsider its ruling on the motion to postpone if we reverse the trial court's dismissal of the drug case. Alternatively, defendant argues that the court abused its discretion in postponing the trial of this case.
Defendant's principal argument on appeal is straightforward: The trial court should be given an opportunity to properly exercise its discretion whether to postpone the trial of this case, because its previous ruling hinged on the flawed legal premise that it had authority to dismiss the drug case as a sanction for the state's lack of readiness for trial in this case. The state replies that the trial court's rulings in both cases must be "evaluated separately" and that the "assignments of error in each case necessarily are resolved on independent analytical tracks." According to the state, the trial court "proceeded not on any apparent misunderstanding of the law but, rather, based on an `equitable remedy' of its own creation." In our view, the state posits a false dichotomy; at bottom, the trial court's decisions in both cases flowed from a single mistaken legal premise, namely, that it had discretionary authority to dismiss either of the two cases based on the state's lack of readiness for trial in this case.
We review rulings on motions for postponement of criminal trials for abuse of discretion. State v. Wolfer, 241 Or. 15, 17, 403 P.2d 715 (1965); State v. Dupree, 164 Or.App. 413, 418-19, 992 P.2d 472 (1999), rev. den., 330 Or. 361, 6 P.3d 1102 (2000). "Discretion" refers to the authority of a trial court to choose among several legally correct outcomes. State v. Rogers, 330 Or. 282, 312, 4 P.3d 1261 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." Id. Where, however, a trial court's purported exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome. See State v. Mayfield, 302 Or. 631, 645, 733 P.2d 438 (1987) (explaining that, in some circumstances, a trial court can err if it "fails to exercise discretion, refuses to exercise discretion[,] or fails to make a record which reflects an exercise of discretion"); see also State v. Pemberton, 226 Or.App. 285, 289, 203 P.3d 326 (2009) (holding that, under Mayfield, the exercise of discretion based on a mistaken premise of law can be a failure to properly exercise discretion).
This court's recent decision in State v. Worth, 231 Or.App. 69, 218 P.3d 166, rev. den., 347 Or. 718, 226 P.3d 709 (2010), illustrates that principle. In Worth we reversed the defendant's conviction and remanded after concluding that the trial court had erroneously denied the defendant's motion for mistrial based on prosecutorial misconduct. Before denying the motion for mistrial, the trial court had overruled multiple objections by the defendant to the prosecutor's erroneous assertion to the jury that the presumption of innocence disappeared at various stages of the proceedings before the jury returned its verdict. Although we review trial court decisions on motions for mistrial for abuse of discretion, the underlying error that the court made in Worth was one of law in failing to recognize that the prosecutor's argument was improper. We said:
"[T]he trial court erred in overruling defendant's objections to the prosecutor's misstatements of the law. Moreover, the court did not appear to recognize that it had erred in doing so and, accordingly, did not exercise its discretion to correct its erroneous rulings. Because, under the circumstances, the effect of those errors was to deny defendant a fair trial, the court's decision to deny defendant's motion for a mistrial did not fall within the range of legally correct choices and did not produce a permissible, legally correct outcome."
Worth, 231 Or.App. at 75, 218 P.3d 166.
Likewise, here, the trial court's decision to grant the state's motion to postpone *897 was based on an erroneous legal premise and, at least to that extent, the decision did not fall within the permissible range of choices. In this case, the proper remedy is to reverse defendant's convictions and remand for the trial court to reconsider its ruling on the state's motion to postpone in light of our holding in the drug case that the court lacked authority to dismiss that case as a sanction for the state's conduct in this case. The decision whether to postpone the trial in this case is properly committed to the trial court's discretion in the first instance, based on a proper application of the controlling legal principles. See, e.g., ORS 136.120. If, on remand, the court determines that there was sufficient cause for postponing the trial, it shall reinstate defendant's convictions. If the court determines that there was not sufficient cause for postponing the trial, the court shall determine the appropriate sanction under ORS 136.120 and ORS 136.130.
Reversed and remanded.
NOTES
[*] Brewer, C.J., vice Edmonds, P.J.
[1] The order at issue was signed by a different judge than the judge who entered the convictions in this case.