***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 8, affirmed April 19, petition for review denied August 3, 2023 (371 Or 309)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH LEE STONE, JR.,
*Defendant-Appellant.*

Crook County Circuit Court
18CR44540; A176503

Daina A. Vitolins, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant was charged with menacing, ORS 163.190, and pointing a firearm at another, ORS 166.190. Prior to trial, the prosecutor admonished witnesses to refrain from mentioning prior bad acts of defendant; nevertheless, during direct examination when asked about the argument that led to the incident, two witnesses inadvertently implied or mentioned prior bad acts of defendant. In each instance, defense counsel objected and asked for a mistrial or, in the alternative, an instruction to ignore the offensive testimony. In each instance, the trial court denied the motion for mistrial and immediately gave the jury a correcting instruction. Defendant was acquitted of menacing and convicted of pointing a firearm at another. Defendant now appeals on the grounds that the trial court erred in denying his motion for mistrial because, according to defendant, he was deprived of a fair trial. We disagree and affirm the trial court.

This court reviews the denial of a mistrial motion for an abuse of discretion. *State v. Simonsen*, 329 Or 288, 300, 986 P2d 566 (1999); *State v. Wright*, 323 Or 8, 12, 913 P2d 321 (1996). A trial court does not abuse its discretion when denying a motion for mistrial unless the result is to deny a criminal defendant the right to a fair trial. *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006). When a defendant moves for a mistrial, the trial court is tasked with deciding "whether to grant the motion, to cure the effect of inappropriate conduct or testimony by giving a proper instruction instead, or to do nothing at all." *State v. Evans*, 211 Or App 162, 166, 154 P3d 166 (2007), *aff'd*, 344 Or 358 (2008). The trial court has broad discretion in selecting among those options because it is "in the best position to assess the impact of the complained-of incident and to select the means (if any) necessary to correct any problem resulting from it." *Wright*, 323 Or at 12.

The facts pertinent to this appeal are not in dispute. Prior to trial, motions *in limine* were discussed and defendant was warned about "opening the door" to prior bad acts. The prosecutor also instructed witnesses K and B not to mention evidence of prior bad acts.

In direct testimony and despite the warnings, B testified: "I mean, there was a lot of yelling back and forth. *You know, when you show up to your mom's house and she's got two black eyes.*" (Emphasis added.) Defendant objected to the testimony and the trial court excused the jury to discuss the objection. Defendant moved for a mistrial and, in the alternative, moved for a correcting instruction. The trial court denied the motion for mistrial and instructed the jury to disregard B's testimony. Later in the trial, K testified: "And then [defendant's] like, 'Well how come she's not communicating with me?' *We have a restraining order*, I mean, and anyway." (Emphasis added.) Again, defendant moved for mistrial or, in the alternative, moved to strike the testimony. The state argued that defendant had opened the door to the testimony regarding the restraining order. The court found that defendant had not opened the door to that testimony, but that the problem could be cured with an instruction. The court instructed the jury to ignore that testimony.

Defendant testified that B hit defendant's golf cart with a truck and swung a tire iron at him. Defendant claimed that he only drew his firearm in self-defense so that he could safely leave. During closing arguments, defense counsel argued that defendant's testimony was more credible than K's and B's testimony.

On appeal, defendant argues that the testimony implying that he had previously injured K and that he was subject to a restraining order was so prejudicial that an instruction from the court could not cure the prejudicial effect of the evidence and that he was deprived of a fair trial. He specifically relied on a series of cases in which the defendants invoked their constitutional rights. *State v. Osorno*, 264 Or App 742, 751-52, 333 P3d 1163 (2014); *State v. Veatch*, 223 Or App 444, 460, 196 P3d 45 (2008). In the past, we have said that "[r]eference to a defendant's exercise of a constitutional right jeopardizes the right to a fair trial if the jury was likely to infer that the defendant had exercised the right because he believed that he was guilty of the charged offense." *State v. Schumacher*, 315 Or App 298, 301, 500 P3d 698 (2021). This case does not involve evidence concerning invocation of constitutional rights, and nothing

in this record indicates that any of the testimony demonstrated that defendant believed he was guilty of the charged offense. The case law cited in that regard by defendant simply does not apply.

Defendant also argues that this case is like *State v. Jones*, 279 Or 55, 566 P2d 867, 182 P3d 175 (1977), in support of the argument that harm from inadmissible prior bad acts is profound when the credibility of witnesses is at stake. In *Jones*, the prosecutor repeatedly and deliberately made reference to prior rapes despite the fact that there was no evidence of such offenses. Here, two witnesses made passing references to implicit bad acts, the trial court immediately gave correcting instructions in each instance, and the prosecutor made no reference to the inadmissible statements. *Jones* simply does not apply.

For the reasons stated above, the trial court did not abuse its discretion.

Affirmed.