292 January 2, 2025 No. 15

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID JONATHAN SMITH,
*Defendant-Appellant.*

Douglas County Circuit Court
17CR51085; A180982

George William Ambrosini, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for burglary in the second degree, aggravated theft in the first degree, and criminal mischief in the first degree. In a single assignment of error, defendant argues that the trial court erred in denying his motion for a mistrial. We conclude that the trial court did not abuse its discretion in denying the motion and defendant was not denied a fair trial. We therefore affirm.

We review a trial court's denial of a motion for a mistrial for abuse of discretion, and we "will not reverse a conviction on that basis unless the defendant was denied a fair trial." *State v. Schumacher*, 315 Or App 298, 301, 500 P3d 698 (2021).

Here, defendant was accused of breaking into and stealing merchandise from a cannabis business in Roseburg. At his jury trial, the state played video from a police officer's body camera. On the video, a dispatcher referred to defendant's criminal history. The dispatcher said, "Your subject, David Smith, (inaudible) drugs, DWS violation." Outside the presence of the jury, defendant moved for a mistrial arguing that the jury heard a reference to his post-prison supervision status and his drug history.

The trial court took a recess and listened again to the audio in chambers. The trial court "cranked it all the way up *** and there was a reference to [a] DW[S] infraction. There might have been some mention of drugs. *** It's very hard to catch but *** if you crank it way up *** you see it." The trial court denied the motion for a mistrial, but ordered the state to redact the exhibit in case the jury chose to listen to it again. The trial court noted that both the prosecutor and defense counsel missed it until the exhibit was played at trial. The trial court found no intentional attempt by the prosecutor to present inadmissible evidence to the jury, it did not think the reference to defendant's criminal history was "prominent," and it was not sure that the jury heard it. When the jury returned, the trial court provided a curative instruction, telling the jury to disregard any radio dispatch communications contained on the exhibit.

We conclude that the trial court did not abuse its discretion in denying the motion. "A mistrial is most likely to be required when a prosecutor intentionally and repeatedly makes comments that suggest a defendant has a history of committing similar crimes." *State v. Woodall*, 259 Or App 67, 75, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014). "At the other end of the spectrum are cases in which a prejudicial statement is made inadvertently, only once, and in passing. Also relevant is the extent to which a prejudicial statement explicitly references a defendant's criminal record." *Id*. at 75-76 (citations omitted).

This case falls toward the latter end of the spectrum. The trial court found that the prosecutor's failure to redact the reference to defendant's criminal history was not intentional. The jurors might not have heard it at all, and if they did, they heard it only once and in passing. The reference to defendant's criminal history was not explicit or prominent; indeed, the trial court had to "crank" the volume on the exhibit all the way up to hear it. It is also not clear that the jury would have understood a reference to a "DWS infraction," or that it would have suggested to the jury that defendant had a history of committing crimes similar to his current charges. Each of those factors supports the trial court's decision not to declare a mistrial. *See State v. Evans*, 211 Or App 162, 169-70, 154 P3d 166 (2007), *aff'd*, 344 Or 358, 182 P3d 175 (2008) (no abuse of discretion in denying motion for a mistrial where the improper statement was isolated, made in passing, and it was not the product of deliberate prosecutorial misconduct).

Turning to the trial court's curative instruction, it expressly instructed the jury to disregard any radio dispatch communications. That instruction was effective because it did not draw further attention to defendant's criminal history or his involvement with drugs. The trial court provided the instruction almost immediately after the jury had viewed and listened to the exhibit. *See State v. Veatch*, 223 Or App 444, 460, 196 P3d 45 (2008) (immediacy "is a factor in the effectiveness of a curative instruction."). "[J]urors are assumed to have followed their instructions, absent an overwhelming probability that they would be unable to do

so." *State v. Smith*, 310 Or 1, 26, 791 P2d 836 (1990). We conclude that the curative instruction was sufficient to cure any prejudice.

We further reject defendant's suggestion that admission of the reference to his criminal history or involvement with drugs violated his constitutional rights. The touchstone is whether defendant received a fair trial. *Woodall*, 259 Or App at 77. We conclude that defendant received a fair trial when the jury, despite possibly hearing a passing reference to defendant's criminal history from the dispatcher, was almost immediately instructed to ignore all of the statements from the dispatcher.

In sum, the trial court did not abuse its discretion by denying defendant's motion for a mistrial based on the prosecutor's inadvertent presentation of inadmissible evidence about defendant's criminal history that the jury might or might not have heard or understood.

Affirmed.