No. 305 April 2, 2025 513

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM BAMS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0601768; A182070

Ulanda L. Watkins, Judge.

Argued and submitted February 25, 2025; on respondent's motion to dismiss as defendant has absconded filed February 20, 2025.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Motion to dismiss denied; remanded for entry of a corrected judgment; otherwise affirmed.

**JACQUOT, J.**

Defendant was convicted by a jury of first-degree sexual abuse and first-degree sodomy.[1] On appeal, in three assignments of error, defendant argues that the trial court erred by failing to *sua sponte* provide a jury instruction, denying his motion for a mistrial, and entering a judgment with clerical errors. Because the judgment does contain clerical errors, we remand for the trial court to enter a corrected judgment. We otherwise affirm.

Defendant first argues that the trial court plainly erred by not *sua sponte* providing a definition for the term "physical force" in the "forcible compulsion" element of first-degree sodomy, ORS 163.405(1)(a),[2] and first-degree sexual abuse, ORS 163.427(1)(a)(B).[3] Defendant did not preserve his argument.[4] Nevertheless, because he requests we review for

---

[1] The state moves to dismiss defendant's appeal under ORAP 8.05(3), which allows us to dismiss an appeal if we determine that the appellant is on escape or abscond status at the time we review the motion to dismiss. ORAP 8.05(3) ("If a defendant in a criminal case *** on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the court determines that the appellant is on escape or abscond status at the time the court decides the motion, the court may dismiss the appeal ***."). Given our decision in this case on the merits, and because as of the date of our decision, defendant is back in custody, we decline to dismiss the appeal and deny the state's motion to dismiss.

[2] ORS 163.405(1)(a) provides:

"A person who engages in oral or anal sexual intercourse with another person or causes another to engage in oral or anal sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor[.]"

[3] ORS 163.427(1)(a)(B) provides:

"A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"*****

"(B) The victim is subjected to forcible compulsion by the actor[.]"

[4] Defendant argues this issue was preserved, despite his failure to request an instruction defining "physical force" and seeming agreement that such an instruction was not needed: At trial, while discussing jury instructions, the trial court and parties agreed that the court would instruct the jury regarding the applicable statutory definition of "forcible compulsion"—"to compel by physical force." The court asked, "And then do we define 'physical force'? Is 'physical force' defined?" The parties informed the court that it was not defined in the statute, and defense counsel suggested that "I'm guessing that everybody figured it just has a basic definition *** common meaning." Defendant did not object nor did the

plain error should we determine that the issue is not preserved, we review for plain error.

An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Both first-degree sodomy and first-degree sexual abuse require the state to prove that a defendant subjected the victim to "forcible compulsion," which is defined by statute as "to compel by * * * [p]hysical force." ORS 163.305(1).[5] A trial court is required to "state to the jury all matters of law necessary for its information in giving its verdict." ORCP 59 B; *see* ORS 136.330(1) (making ORCP 59 B applicable to criminal cases). It is plain error to fail to instruct the jury on all material elements of a crime. *State v. Gray*, 261 Or App 121, 130, 322 P3d 1094 (2014). "That principle extends to important terms of art used in the elements of the crime." *State v. Worsham*, 332 Or App 154, 162, 548 P3d 849, *rev allowed*, 372 Or 787 (2024). "Generally, words of common usage need not be defined for the jury." *State v. McDonnell*, 313 Or 478, 497, 837 P2d 941 (1992). However, "[w]hen a term's legal meaning differs from common usage * * * an instruction may be necessary." *Worsham*, 332 Or App at 162 (comparing cases).

On appeal, defendant argues that "physical force" is a legal term of art with a narrower meaning than its common usage and, therefore, according to defendant, the trial

---

state request an instruction to define the term "physical force." We disagree that the purposes of preservation were served and proceed to review for plain error. ORAP 5.45(1).

[5] ORS 163.305 provides:

"As used in chapter 743, Oregon Laws 1971, unless the context requires otherwise:

"(1) 'Forcible compulsion' means to compel by:

"(a) Physical force; or

"(b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

ORS 163.305(1)(b) is not at issue in this case.

court had an independent obligation to provide a special jury instruction about the definition of physical force. Defendant relies on the Supreme Court's decision in *State v. Marshall*, 350 Or 208, 253 P3d 1017 (2011), for the proposition that physical force is a term of art. However, defendant overstates *Marshall*'s holding. *Marshall* explained the meaning of "forcible compulsion" and what it means "to compel," but it does not make obvious that the term "physical force" holds any meaning other than that of its common usage in the manner that defendant argues. Therefore, any error in not providing a definition of the term "physical force" was not plain.[6]

Second, defendant argues that the trial court abused its discretion in denying his motion for a mistrial after the prosecutor, in opening statements, described the victim as "developmentally delayed," and an investigating officer, when explaining why it was difficult to interview the victim right after the event, stated that "she was still very upset. She was still crying. I could also—I had gotten information, I think at that point, that she was developmentally delayed," despite a pretrial ruling that the state could not use such phrases due to the absence of a medical diagnosis.

We review a trial court's denial of a motion for a mistrial for an abuse of discretion, and the court does not abuse its discretion "unless the defendant was denied a fair trial." *State v. Swanson*, 293 Or App 562, 565, 429 P3d 732 (2018). "A fair trial is that in which the verdict is based on the evidence and not on factors external to the proof at trial." *State v. Osorno*, 264 Or App 742, 748, 333 P3d 1163 (2014) (internal quotation marks omitted). We generally defer to the trial court's determination regarding whether a mistrial is warranted, because "the trial court is in the best position to assess the impact of the complained-of incident and to select the means (if any) necessary to correct any problem resulting from it." *State v. Sprow*, 298 Or App 44, 45, 445

---

[6] We express no opinion as to whether "physical force" holds its common meaning or a particular narrower legal meaning, nor whether the holding in *Marshall* could be interpreted to provide such a meaning. Given our standard of review, we cannot say that the legal point defendant advances is obvious and not reasonably in dispute.

We also express no opinion as to whether, if the term had a specialized legal meaning, the trial court was required to *sua sponte* provide an instruction absent a request by the parties.

P3d 351 (2019) (internal quotation marks omitted). The trial court's decision to give a cautionary jury instruction instead of declaring a mistrial falls within the "permissible range of choices committed to the court's discretion," unless the instruction was insufficient to correct the problem as a matter of law. *State v. Williams*, 276 Or App 688, 696-97, 368 P3d 459, *rev den*, 360 Or 423 (2016). We assume that a jury has followed the court's curative instruction unless there is an "overwhelming probability" that it was incapable of doing so. *State v. Garrison*, 266 Or App 749, 757, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015). When reviewing for abuse of discretion, we do not determine whether, sitting in the shoes of the trial court, we would make the same ruling; rather, our role is to determine whether the trial court came to a legally permissible choice among the range of options. *State v. Romero*, 236 Or App 640, 643-44, 237 P3d 894 (2010).

Defendant argues that the prosecutor and officer's description of the victim as "developmentally delayed" prejudiced him, because it provided an unfounded explanation for inconsistencies in the victim's statements and testimony, and thereby undermined his "central argument" that the victim lacked credibility due to those contradictions. After defendant objected to the officer's testimony and moved for a mistrial, the court and parties engaged in a thoughtful and in-depth discussion regarding how to handle the problem outside the presence of the jury. The court ultimately denied the motion and instead sustained defendant's objection to the officer's testimony and specifically instructed the jury to strike and not to consider the officer's response in any way during deliberations. The court determined that although prejudicial, the prosecutor's reference during opening statements and the officer's brief reference during his testimony were not so prejudicial as to require a mistrial, but the court strongly warned the state that any future reference to the victim having a developmental disability would result in a mistrial.

Defendant does not identify why there is an "overwhelming probability" that the jury was incapable of following the trial court's instruction not to consider the improper testimony. Defendant focuses on the possibility that the jury

hearing the term "developmentally delayed" without a medical diagnosis meant that the jury would rely on facts not in evidence to assess the victim's credibility and explain inconsistencies in her statements. But, defendant does not explain why, despite the court's instruction, it is "overwhelmingly probable" that any credibility determination made by the jury to explain the inconsistencies was based upon that and not upon the victim's own testimony self-identifying as a person with a learning disability, or the fact that the trial occurred 17 years after the event.

The parties agreed that they did not want to draw further attention to the issue, and although there is a possibility that, to the extent the jury heard and remembered the two comments, the jurors connected the victim's potential developmental disabilities to her memory and credibility, there is no reason to believe it is "overwhelmingly probable" that the jury was incapable of following the court's instruction not to consider the officer's statement. Further, the victim herself testified in a manner that the trial court believed did not show cognitive difficulties, and the jurors thereby had the opportunity to assess her credibility themselves. The trial court was thoughtful and thorough when making its decision, and its curative instruction was not insufficient as a matter of law.

Finally, defendant argues, and the state concedes, that the written judgment contains clerical errors in that the numbering used to refer to the counts of conviction does not match the numbering in the operative indictment. We agree with and accept the state's concession and remand for the court to correct the judgment to use numbering that is consistent with the charging instrument.

Motion to dismiss denied; remanded for entry of a corrected judgment; otherwise affirmed.