No. 430        May 14, 2025        509

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENJAMIN FRANKLIN REED,
*Defendant-Appellant.*

Washington County Circuit Court
20CR70574; A179176

Andrew Erwin, Judge.

Argued and submitted July 25, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and O'Connor, Judge.*

PAGÁN, J.

Affirmed.

_____

*O 'Connor, Judge *vice* Mooney, Senior Judge

**PAGÁN, J.**

Defendant appeals from a judgment of conviction for driving while suspended or revoked, ORS 811.182(3), and fleeing from a police officer, ORS 811.540. In defendant's sole assignment of error, he asserts that the trial court erred when it denied his motion for a mistrial after the prosecutor mentioned a prior felony conviction in his opening statement, contravening a pretrial stipulation which had aimed to avoid mention of the prior felony altogether. We conclude that under the totality of the circumstances, the prosecutor's comments did not deny defendant a fair trial, and thus a mistrial was not mandatory and the trial court did not abuse its discretion by denying the motion. We affirm.

Defendant was convicted on several charges related to an attempt to kill an ex-girlfriend, including motor vehicle assault in the second degree—a felony—and released from prison in 2019. Defendant's driver's license was suspended for a period of eight years after his release.

On the morning of December 29, 2020, Beaverton police stopped a vehicle. The driver of the car left the vehicle and walked away; the police did not catch the driver. After investigating, police found evidence indicating that defendant had been the driver and discovered that defendant's driver's license had been suspended. Defendant was charged with criminal driving while suspended or revoked pursuant to ORS 811.182(3) (Count 1), and fleeing from a police officer pursuant to ORS 811.540 (Count 2).[1]

On the day of trial, the prosecutor indicated that he was planning to admit evidence of defendant's license suspension—which would inherently include mentioning that defendant had been convicted of a vehicular felony and had served prison time. The prosecutor, however, expressed that he was willing to stipulate to the driver's license suspension, ostensibly to avoid a prejudicial discussion of defendant's prior conviction. The parties orally agreed to stipulate that defendant's license had been suspended as of December 29, 2020. The trial court accepted the stipulation

---

[1]  Other charges, from an unrelated issue, were severed and tried separately and are not at issue in this appeal.

and commented that the state would no longer need to admit evidence to prove that defendant's license had been suspended because of the prior assault.

During opening statements, the prosecutor stated that defendant was "felony suspended—his license was felony suspended." Then the prosecutor used the phrase "felony suspended" two more times, and otherwise alluded to the prior felony conviction two more times, for a total of six mentions in the opening statement. At the end of the state's opening, defendant indicated that he had a matter to raise with the court, but the court delayed hearing the issue until after the defense made its opening statement. After the brief defense opening statement, defendant objected to the state's opening and its use of "felony suspended," and moved for a mistrial.

The court chastised the prosecutor, noting that the prosecutor had misunderstood the stipulation, and that the point of the stipulation had been to avoid mentioning the prior felony at all. The court denied the mistrial motion but offered to provide a curative instruction to the jury. Defendant declined the instruction and indicated that he did not wish to draw further attention to the issue. The prosecutor did not mention the felony again. The jury found defendant guilty on both counts. On appeal, the sole issue is whether the trial court erred when it denied defendant's motion for a mistrial.

"We review the trial court's denial of the motion for a mistrial for an abuse of discretion. A trial court abuses its discretion in denying a motion for a mistrial if the effect is to deny the defendant a fair trial." *State v. Cox*, 272 Or App 390, 409, 359 P3d 257 (2015); *State v. Thompson*, 328 Or 248, 271, 971 P2d 879, *cert den*, 527 US 1042 (1999).

A prosecutor's statements may be sufficient to deny a defendant a fair trial. *State v. Davis*, 345 Or 551, 583, 201 P3d 185, *cert den*, 558 US 873 (2008). As the Oregon Supreme Court explained in *Davis*,

"Even if we conclude that a prosecutor's conduct was improper, a trial court does not abuse its discretion by denying a mistrial unless the effect of the prosecutor's

conduct was to deny a defendant a fair trial. Generally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct. To be sure, however, statements or testimony that the jury is instructed to disregard can be so prejudicial that, as a practical matter, the bell once rung, cannot be unrung by such an admonishment. Ultimately, we must decide whether, under the circumstances as a whole, defendant was denied the right to a fair trial, as a matter of law, by the events that transpired at trial."

*Id.* (internal quotation marks and citations omitted).

Here, the state concedes, and we accept, that the prosecutor's statements about the prior conviction were improper. *State v. Hess*, 342 Or 647, 662, 159 P3d 309 (2007) (evidence of a stipulated element is generally irrelevant). The question we must resolve is whether the six references to the prior felony conviction during the opening statement, under the totality of the circumstances, denied defendant his right to a fair trial and thus necessitated a mistrial. *Davis*, 345 Or at 583 (examining the totality of the circumstances).

We conclude that the prejudicial effect of the statements was limited. When a jury knows that a defendant is a felon, that inherently prejudices the defendant to some extent. *Cf. State v. Aranda*, 372 Or 363, 370, 550 P3d 363 (2024) (discussing balancing the risk of unfair prejudice from admitting evidence of criminal convictions in the context of OEC 403 and OEC 609). But the prosecutor did not elicit any details about the prior felony. He did not mention that defendant's prior conviction had arisen from an attempted murder, nor did he elicit any details of that case. He did not even mention the name of the charge. The felony was not mentioned again, no evidence of it came out from any witness or exhibit, nor was it mentioned in closing. The jury could only have inferred that defendant had been previously convicted of at least one unknown felony, for which his license had been suspended.

Like in *Davis*, where the improper statements were made only in the opening statement, the statements here were limited entirely to the state's opening. *Davis*, 345 Or at 583. Defendant argues, however, that an improper statement

may require a mistrial regardless of when it occurs during a trial, pointing to *State v. Banks*, 367 Or 574, 586, 481 P3d 1275 (2021) (statements made during *voir dire* were improper and necessitated mistrial). We agree that under *Banks*, a statement may necessitate a mistrial regardless of when it happens during the trial. But we understand *Davis* and its long line of progeny to stand for the proposition that when a statement occurs has an effect on the analysis of its prejudicial impact. *Davis*, 345 Or at 583 (improper statement was confined to opening; affirmed); *see*, *e.g.*, *State v. Worth*, 231 Or App 69, 79, 218 P3d 166, *rev den*, 347 Or 718 (2009) (improper statements on burden in closing; reversed). Here, the restriction of the statements to the opening served to limit their prejudicial effect.

As *Davis* explains, a curative instruction is generally adequate to remedy any prejudice from a prosecutor's statements. *Davis*, 345 Or at 583. Here, prior to opening statements, the jury was instructed that the statements of the lawyers were not evidence. The court offered to give a curative instruction after opening statements, which defendant declined. But merely because defendant did not wish to bring further attention to the issue does not mean that a mistrial was necessary or that an instruction would have been ineffective.

In sum, we conclude that there was some prejudicial effect to the prosecutor's improper remarks, but not so much as to deny defendant a fair trial and necessitate a mistrial. In turn, the trial court did not abuse its discretion when it denied defendant's motion for a mistrial.[2]

Affirmed.

---

[2] Defendant also takes issue with one of the trial court's stated bases for denying the mistrial: that the jury had already been told (via the language of the charges) that defendant was charged with feloniously driving, and thus the jury already knew of the prior conviction. We agree with defendant that the trial court's reasoning was incorrect, as the jury could only have inferred that the current charge was a felony, not that there had been a prior felony. But under the standard of review, the trial court's mistaken reasoning here is not reversible error.