Argued and submitted March 5, 2018, affirmed February 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN OXFORD,
aka Nathan Daniel Oxford,
*Defendant-Appellant.*

Multnomah County Circuit Court
140230856; A161408

461 P3d 249

Defendant appeals from a judgment of conviction for sex crimes committed against two minor victims. Prior to trial, the court granted defendant's motion to exclude evidence that defendant had told the victims' mother that he had fantasies about sex with children and had sexually abused his own daughter, who was not a victim in the case. At trial, a witness improperly referred to those admissions in his testimony, and defendant moved for a mistrial. The trial court denied the motion for mistrial, and, on appeal, defendant assigns error to that denial. *Held*: Although it is a close decision based on the potential for unfair prejudice from the improper testimony, under all the circumstances unique to this trial, defendant was not so prejudiced by the isolated statements that he was denied a fair trial.

Affirmed.

Kathleen M. Dailey, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

ORTEGA, P. J.

Affirmed.

_____
  * Egan, C. J., *vice* Garrett, J. pro tempore.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for two counts of first-degree sodomy, five counts of first-degree sexual abuse, and five counts of second-degree sodomy, committed against two of his girlfriend's three children. Prior to trial, the court granted defendant's motion to exclude evidence that defendant had told the victims' mother that he had fantasies about sex with children and had sexually abused his own daughter, who is not a victim in this case. At trial, a witness improperly referred to those admissions in his testimony, and defendant moved for a mistrial. The trial court denied the motion for mistrial, and, on appeal, defendant assigns error to that denial. As explained below, we conclude that the trial court did not abuse its discretion in denying the mistrial motion. We reject defendant's remaining assignments of error without discussion.[1] Accordingly, we affirm.

Defendant was charged with committing sex crimes against the three minor children of his then-girlfriend, Southwell. Before trial, defendant moved to exclude evidence that he had told Southwell about having fantasies of sex with children and about sexually abusing his own daughter. The trial court granted defendant's motion and told the state to instruct Southwell not to testify about those matters.

At trial, which occurred about 10 months later due to proceedings not at issue here, the state offered testimony from Detective Malanaphy, who had interviewed Southwell and the victims as part of his investigation. On direct, Malanaphy testified only about the content of his interview with one of the victims. On cross-examination, defense counsel asked Malanaphy about a number of the

---

[1] Defendant assigns error to the trial court's denial of his motion for new trial, which defendant conceded at oral argument is not reviewable. We accept that well-taken concession. *State v. Tooley*, 265 Or App 30, 32, 333 P3d 348, *rev den*, 356 Or 575 (2014). Defendant also assigns error to the trial court's denial of his motion to examine grand jury notes. For the reasons stated in *State v. Cockrell*, 284 Or App 674, 683-84, 395 P3d 612, *rev den*, 361 Or 886 (2017), we reject that assignment of error. Finally, defendant also assigns error to the trial court instructing the jury that it could find him guilty based on nonunanimous jury verdicts and accepting nonunanimous jury verdicts. We reject those two assignments of error on the merits without discussion.

interviews, including his interviews of Southwell, and whether Southwell had stated in one of those conversations that defendant did not admit to abusing the children. On redirect, the following exchange occurred between the prosecutor and Malanaphy:

> "Q   Just to be clear, Detective, because I think we're going in circles here. Was there another conversation where Ms. Southwell * * * told you more information about [defendant] admitting or not admitting?
>
> "A   Yes.
>
> "Q   And tell us, please, about that conversation.
>
> "A   That was in the context of her having—talking about how [defendant] had disclosed to her that he had fantasies about sex with children. And that he had told her he had touched his other daughters—"

Defendant immediately objected, and the trial court sustained that objection. The prosecutor did not attempt to argue in response to defendant's objection and did not offer any further testimony from Malanaphy.

Defendant then immediately moved for a mistrial outside the presence of the jury based on Malanaphy's statement that defendant told Southwell that he had fantasies about sex with children. Following that initial argument, both defendant and the prosecutor reminded the trial court that it had excluded evidence about both the fantasy statement and defendant's alleged abuse of his own child. The trial court explained that defendant had opened the door to the prosecutor asking Malanaphy about other conversations in which defendant made admissions to Southwell; however, because of the pretrial motion excluding the subject matter of those admissions, the trial court admonished that the prosecutor should have instructed Malanaphy to not testify about that subject matter. The prosecutor responded that he had not intended to elicit Malanaphy's statement about the subject matter of the admissions.

The trial court then had Malanaphy testify outside the presence of the jury. During that testimony, Malanaphy admitted that he misunderstood the prosecutor's question and that he made an error when he testified that there was

another conversation in which defendant made admissions about abusing the victims in this case. Malanaphy also testified that he had not been instructed to not testify about defendant's admissions of fantasies and sex abuse of defendant's daughter before trial. The prosecutor stated that Malanaphy had been instructed to not so testify after the trial court's original ruling, which occurred eight or nine months prior to his testimony in the trial.

After those exchanges, the trial court initially indicated that it would grant the motion for mistrial. The state urged, however, that it should instead be allowed to correct the record for the jury and have Malanaphy testify that he made an error when he stated that there was an additional conversation about a confession. The state also argued that the statements were admissible under *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), which had not yet issued at the time of the pretrial motion, and that a mistrial would be inappropriate when the statements were at least arguably admissible. The state also requested that the trial court make a specific ruling under *Williams* and reiterated that it intended to call Malanaphy to correct his testimony for the jury, regarding defendant's admissions about abusing the victims in this case.

The court then ruled:

"We have to clean it up in front the jury about the fact that there is no such other statement. That has to be cleaned up.

"I want—the record needs to reflect that this subject was subject to motion in limine and granted for the defense that it was not to be introduced at trial. The record already provides that this witness was not instructed on that motion prior to the beginning of this trial.

"In my eyes, it's not adequate that he was told last November, and now we're in July. It should have been revisited with this witness that he was not to reference it. So that's a problem.

"Under *State v. Williams*, it is admissible, but I find it prejudicial.

"Not—I'm not going to say that its sufficiently prejudicial given the light that now everybody knows it's not going

to be referenced any more in this trial and it's not going to be talked about any more in this trial, unless the defense wants me to do some kind of a limiting instruction and if they don't we're going to go by it.

"And I am marking this, I mean obviously the Court of Appeals will have to take a look at this and see whether or not the error is such that the case should be reversed. That will be up to them.

"But as far as I'm concerned, we're going forward, so I'm denying the motion for mistrial."

Following that ruling, defendant questioned Malanaphy in front of the jury to correct the record about the conversations between defendant and Southwell:

"Q   Detective MALANAPHY, on cross examination I was asking you about some statements that Ms. Southwell made to you in a telephone conversation last year?

"A   Yes.

"Q   And when I asked you that—whether or not Ms. Southwell had told you the statement, 'He didn't not say it,' you responded by saying that there were other conversations?

"A   Yes.

"Q   And now thinking back on it, you realized there were no other conversations?

"A   That's correct. I trusted my memory and there is no other conversation where she mentions that.

"Q   So Ms. Southwell did not tell you that [defendant] confessed to molesting these children?

"A   That's correct."

Malanaphy's testimony occurred during the morning of the second day of three days of witness testimony. At the end of the five-day trial, the jury returned a verdict convicting defendant of sex crimes against two of the victims and acquitting defendant of the two counts submitted against the third victim.

After the verdict, defendant moved for a new trial on the same basis that he had moved for a mistrial. In that

motion, defendant made clear that he had not asked for a limiting instruction following the denial of the mistrial motion to avoid drawing attention to the statements. At the hearing on the motion for a new trial, the trial court stated that it believed it had made a mistake in not granting the mistrial motion because the statements were highly prejudicial. However, the trial court also explained that it had weighed all of what had happened in light of the arguments made by defendant at the time it denied the mistrial motion. The trial court took the new trial motion under advisement, but failed to issue a timely ruling so the motion for new trial was deemed denied. ORCP 64 F(1).

On appeal, defendant challenges the trial court's denial of his motion for mistrial. Defendant argues that he was denied the right to a fair trial due to the profound prejudice stemming from Malanaphy's inadmissible testimony about defendant's fantasies and prior bad acts, a position that defendant asserts is supported by the trial court's after-the-fact assessment during the hearing on the motion for new trial. Defendant also argues that the error leading to Malanaphy's testimony cannot be described as inadvertent, because the prosecutor failed to properly instruct Malanaphy before trial, which weighs in favor of requiring a new trial. Finally, defendant argues that that prejudice could not have been cured by a jury instruction and, thus, granting a mistrial was the only legally correct option for the trial court. In that respect, defendant asserts that this case is controlled by *State v. Jones*, 279 Or 55, 566 P2d 867 (1977).

The state responds that the trial court acted within its discretion by offering defendant a curative instruction with regard to the improper testimony, but otherwise denying the mistrial motion because the evidence would not be referenced again.[2] The state further argues that the prejudice in this case was not so great as to require a mistrial, because, unlike in *Jones*, the improperly introduced evidence

---

[2] To the extent the state argues that defendant's motion for a mistrial was limited to Malanaphy's statement about defendant's "fantasies," we reject that argument. As set out above, both of Malanaphy's statements about fantasies and defendant's abuse of his own daughter were made part of the argument on the mistrial motion.

was not patently inadmissible under *Williams*, was inadvertent, was referred to just the once in the lengthy trial, and resulted from the prosecutor's attempt to obtain clarification after a confusing cross-examination.

   "In ruling on a motion for mistrial, a trial court must decide whether to grant the motion, to cure the effect of inappropriate conduct or testimony by giving a proper instruction instead, or to do nothing at all." *State v. Evans*, 211 Or App 162, 166, 154 P3d 166 (2007), *aff'd*, 344 Or 358, 182 P3d 175 (2008). The trial court is in the best position to assess the effect of the complained-of incident and to determine the means necessary to correct it. *State v. Garrison*, 266 Or App 749, 755-56, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015). As a result, the decision is committed to the discretion of the trial court, and we will not reverse a denial of a motion for mistrial "unless the defendant was denied a fair trial." *State v. Osorno*, 264 Or App 742, 747, 333 P3d 1163 (2014).

   We use several factors taken from our prior case law to guide our evaluation of whether a trial court has abused its discretion in denying a motion for mistrial. Those factors include whether the prejudicial effect of the incident "is so grave that * * * a mistrial is the only legally acceptable alternative," whether the prejudice was cured by an appropriate jury instruction, and whether the incident was sufficiently isolated to not compromise a fair trial. *Evans*, 211 Or App at 166-68 (discussing prior case law). As we have explained, "[a] mistrial is most likely to be required when a prosecutor intentionally and repeatedly makes comments that suggest a defendant has a history of committing similar crimes." *State v. Woodall*, 259 Or App 67, 75, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014). "At the other end of the spectrum are cases in which a prejudicial statement is made inadvertently, only once, and in passing." *Id.*

   We further take into consideration, in the context of this case, that the trial court offered to give a curative instruction to the jury, which defendant declined. "Consequently, in evaluating whether the trial court abused its discretion in denying defendant's mistrial motion, we take into account that, to the extent that the trial court did

not deliver a curative instruction, it was because defendant elected not to request one." *Evans*, 211 Or App at 169. *See also State v. Davis*, 345 Or 551, 589, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009) (taking into consideration that the defendant declined the offered curative instruction); *State v. Dalby*, 251 Or App 674, 678, 284 P3d 585 (2012), *rev den*, 353 Or 209 (2013) (failure to request a curative instruction is a factor to consider, but it is not dispositive).

In this case, we conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial. In so concluding, we first address *Jones*, on which defendant primarily relies for his position. In *Jones*, the defendant was charged with rape. During the trial, the prosecutor repeatedly insinuated through questions and argument that the defendant had previously committed several rapes, including improperly having a witness testify that a neighbor of the defendant had said that the defendant had "done it so many times before." 279 Or at 61-62. The trial court denied the defendant's motion for mistrial and instead instructed the jury to disregard the statement. The Supreme Court concluded that the pervasive prejudice that resulted from the prosecutor's conduct could not be cured by the trial court instructing the jury to ignore those statements, particularly when the trial came down to a credibility contest between the defendant and the victim. *Id.* at 62-63. The court thus concluded that the defendant was denied a fair trial and reversed. *Id.* at 63.

This case does not involve the sort of pervasive prejudice that was present in *Jones*. Here, the trial court correctly assessed the potential for grave prejudice from the improper testimony, but determined that, because the testimony was isolated, would not be referenced again, and "we're going to go by it," the statements were not so prejudicial as to require a mistrial. We disagree with defendant that the hindsight statements later made by the trial court undercut that reasonable assessment made during trial. The offending testimony was brief and occurred in the midst of a confusing portion of three days of witness testimony. The trial court quickly stopped Malanaphy's improper testimony when it sustained defendant's immediate objection, and the prosecutor did not attempt to argue in response in front of

the jury that the testimony should be allowed and instead ended the examination. Malanaphy's improper statements, or the subject of them, were not referred to again.[3]

In addition, the improper testimony was followed by the additional cross-examination during which Malanaphy adjusted his prior testimony by clarifying that he did not, in fact, have another conversation with Southwell in which she stated that defendant had admitted to abusing the victims in this case. Although that testimony did not address the improper statements made by Malanaphy on redirect, it did suggest to the jury that Malanaphy's immediately prior testimony on redirect was not correct, because that redirect testimony was limited to short answers to only two questions. It also would have provided a useful opportunity for the court to instruct the jury to disregard Malanaphy's testimony on redirect, all of which was either improper or factually incorrect. The harmful prejudice from the isolated improper statements could have been further dissipated through an instruction without drawing additional attention to the exact nature of the improper statements. However, defendant chose to not have an instruction delivered, determining that it was better to avoid drawing any attention to Malanaphy's improper testimony.

Under those circumstances, this case is more similar to those cases that have affirmed a trial court's denial of a mistrial motion based on improper witness testimony. *See State v. Farrar*, 309 Or 132, 164, 786 P2d 161 (1990) (affirming denial of a mistrial motion based on a witness's reference to a lie detector test, because the statement was isolated, made in passing, the results of the test were not disclosed, and the state did not argue that the test had any significance); *Garrison*, 266 Or App at 756-57 (affirming denial of a mistrial motion based on a witness's testimony about the Department of Human Services involvement

---

[3] We note that whether or not the prosecutor *inadvertently* elicited Malanaphy's improper testimony does not factor into our analysis, because the sole question is whether defendant received a fair trial in light of what happened. And, here, what happened was that the prosecutor's questions reasonably did elicit that improper testimony. *See Osorno*, 264 Or App at 751-52 (whether prosecutorial misconduct was inadvertent "is simply not relevant to the question whether the prosecutor's actions affected defendant's right to a fair trial").

with the defendant's family, because the events did not involve misconduct or a constitutional violation that could not be cured with an instruction, the trial court reasonably assessed the prejudicial effect, and the jury is assumed to have followed the court's curative instruction); *Woodall*, 259 Or App at 76 (affirming denial of a mistrial motion based on improper testimony that the defendant was a registered sex offender, because the statement was in passing and not referred to again and the jury received an immediate curative instruction).

Although this is a close decision based on the potential for unfair prejudice from the improper testimony, under all the circumstances, we cannot say that defendant was so prejudiced by those isolated statements that he was denied a fair trial. Accordingly, the trial court did not err in denying defendant's motion for mistrial.

Affirmed.