Submitted May 30, 2019; remanded for resentencing, otherwise affirmed
April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOEL ISAAC HARRIS III,
*Defendant-Appellant.*

Washington County Circuit Court
17CR42757; A165932

461 P3d 1080

Defendant appeals a judgement of conviction for assault in the fourth degree, ORS 163.160, and unlawful use of a weapon, ORS 166.220. He argues that the trial court erroneously denied his motions for a mistrial after the victim suggested in her testimony that defendant previously committed domestic violence despite a pretrial stipulation that the state would not offer any such evidence. Defendant also argues, and the state concedes, that the trial court plainly erred in imposing a sentence of 60 months' imprisonment and 24 months' post-prison supervision on each count, in excess of the 60-month statutory maximum. *Held*: The trial court did not err in denying defendant's motion for a mistrial. The remarks were ambiguous and, in any event, the trial court permissibly exercised its discretion to give a curative instruction rather than declare a mistrial. However, the trial court did plainly err by imposing a sentence in excess of the statutory maximum and the Court of Appeals exercised its discretion to correct that error.

Remanded for resentencing; otherwise affirmed.

James Lee Fun, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the briefs for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for felony fourth-degree assault, ORS 163.160, and unlawful use of a weapon, ORS 166.220. In his first and second assignments of error, he challenges the trial court's denial of his motions for a mistrial when the victim's testimony suggested that defendant might have previously committed domestic violence. In his third and fourth assignments of error, defendant contends (and the state concedes) that the trial court plainly erred by imposing a term of post-prison supervision that, when combined with his sentence of imprisonment, exceeds the statutory maximum for the crime. We conclude that the trial court did not abuse its discretion in declining to declare a mistrial; therefore, we affirm the judgment of conviction. However, we accept the state's concession that the length of defendant's sentence exceeds the statutory maximum, exercise our discretion to correct the error, and remand for resentencing.[1]

Defendant was charged with fourth-degree assault relating to an incident that resulted in multiple injuries to his live-in girlfriend. Before his trial began and outside the presence of the jury, defendant stipulated to the fact that he had previously been convicted of fourth-degree assault against the same victim, a fact that converts the crime from a misdemeanor to a felony. ORS 163.160(3)(b). Because of the stipulation, the state was precluded from submitting evidence of the prior conviction. *See State v. Brostrom*, 214 Or App 604, 607, 167 P3d 460 (2007), *rev den*, 344 Or 109 (2008) (because defendant's "judicial admission established the fact of the prior conviction conclusively[,] *** [i]t was therefore error for the trial court to admit evidence of the fact of the prior conviction").

At trial, however, the victim made a statement that defendant contends violated that agreement. During

---

[1] Because we remand for resentencing, we do not reach defendant's fifth assignment of error relating to the trial court's alleged failure to determine his ability to pay the fine imposed. *See, e.g.*, *State v. Moreno-Hernandez*, 365 Or 175, 191 n 8, 442 P3d 1092 (2019) ("Because we remand for resentencing, we need not consider other issues raised by the parties, including whether *** the trial court gave insufficient consideration to defendant's ability to pay when imposing fines.").

emotional testimony, the victim, in recounting the events of the night of the incident, stated:

> "[O]h, God, he pulled a knife on me. Well, he left the room and I'm like, oh, whew. Then he showed back up with a knife and like, oh, my God, and he—well, he had done that in the past."

Defendant immediately objected and, after the jury was excused, moved for a mistrial. Although acknowledging that an improper reference "did slip out" during the victim's testimony, the prosecutor argued that the jury heard no specific facts or information about a prior incident. The trial court observed that the victim's statement that "he's done that in the past," in context, would not necessarily have indicated that defendant was previously convicted of domestic abuse. Concluding that any negative impact could be mitigated with a curative instruction, the court advised the jury that the witness's last answers "are stricken from the record" and ordered the jury to "disregard any and all portions of the testimony that she gave in response to the last two questions." Defendant assigns error to the trial court's decision to offer a curative instruction rather than declare a mistrial and asserts that the testimony by the victim was unfairly prejudicial and deprived him of a fair trial.[2]

We review a trial court's decision whether to order a mistrial for abuse of discretion. *State v. Serrano*, 355 Or 172, 200, 324 P3d 1274 (2014), *cert den*, ___ US ___, 135 S Ct 2861, 192 L Ed 2d 899 (2015). In reviewing a trial court's decision, we are mindful that "granting a motion for a mistrial is a drastic remedy to be avoided if possible." *State v. Woodall*, 259 Or App 67, 75, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014) (internal quotation marks omitted). And, further recognizing that "[t]he trial court is in the best position to assess the effect of the complained-of incident and to determine the means necessary to correct it," we will only

---

[2] Defendant argued below that the testimony violated the parties' stipulation not to submit evidence of defendant's prior domestic violence *conviction*. On appeal, defendant argues that the testimony amounted to unfairly prejudicial character evidence. We assume, without deciding, that the current argument was preserved.

reverse a denial of a motion for mistrial if the defendant was denied a fair trial. *State v. Oxford*, 302 Or App 407, 413, 461 P3d 249 (2020).

We conclude that defendant was not denied a fair trial. The victim's allusion to what defendant "had done in the past" was ambiguous, as the trial court observed. And, even if the jury would draw the inference that the victim meant that defendant had engaged in a prior act of domestic violence, the jury was instructed to disregard that testimony. The decision to give a cautionary instruction rather than declare a mistrial "falls within the permissible range of choices committed to the court's discretion unless the instruction was insufficient to cure the problem as a matter of law." *State v. Williams*, 276 Or App 688, 696, 368 P3d 459, *rev den*, 360 Or 423 (2016) (internal quotation marks omitted). Moreover, we generally assume that a jury has followed a court's curative instruction unless there is an "overwhelming probability that the jury was incapable of following the instruction." *State v. Garrison*, 266 Or App 749, 757, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015) (internal quotation marks omitted). There is no suggestion of that probability here, nor is there any reason to conclude that the trial court's instruction was insufficient as a matter of law.

Indeed, we have previously considered circumstances that carried a greater risk of prejudice to be appropriately addressed with a curative instruction. *See, e.g.*, *Oxford*, 302 Or App at 414 (testimony that defendant in sex abuse trial had admitted to having sexual fantasies about children appropriately addressed by offer to give curative instruction); *Williams*, 276 Or App at 696-97 (curative instruction was sufficient to mitigate jury's view of videotaped interview in which detective repeatedly stated that he could "read body language" and that defendant's body movements indicated he was lying); *Garrison*, 266 Or App at 756 (curative instruction appropriate to mitigate testimony that defendant had previously been investigated for sexual abuse); *Woodall*, 259 Or App at 77 (in sex abuse trial, curative instruction sufficient to mitigate jury learning that defendant was a registered sex offender). The trial court did

not abuse its discretion in offering a curative instruction rather than declaring a mistrial.[3]

Turning to the remaining assignments of error, defendant argues—and the state concedes—that the imposition of post-prison supervision (PPS) exceeded the statutory maximum sentence. We agree and accept the state's concession. Defendant was convicted of two Class C felonies, which each carry a maximum sentence of 60 months. ORS 161.605. Defendant was sentenced to 60 months' imprisonment and 24 months of PPS on each count, totaling 84 months. Because that sentence exceeds the statutory maximum of 60 months, the trial court plainly erred. Further, for the reasons expressed in *State v. Evans*, 281 Or App 771, 773, 383 P3d 444 (2016), *rev den*, 360 Or 752 (2017), we exercise our discretion to correct the error and remand for resentencing. *See State v. Reyes*, 301 Or App 841, 842, 456 P3d 385 (2020) (remanding for resentencing where sentence of 42 months' imprisonment and 24 months' PPS, when combined, exceeded the statutory maximum of 60 months).[4]

Remanded for resentencing; otherwise affirmed.

_____

[3] Defendant also assigns error to the trial court's refusal to declare a mistrial as to another statement in the victim's testimony—that she had told defendant's employer that there "had been a previous issue." Given how ambiguous that statement was, we reject that assignment of error without further discussion.

[4] In a supplemental brief, defendant contends that the trial court plainly erred by refusing to instruct the jury that it was required to return a unanimous verdict and by entering convictions based on a nonunanimous verdict. Those assertions are foreclosed by *State v. Bowen*, 215 Or App 199, 202, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009), and we reject them without further discussion.