On appellant's petition for reconsideration filed June 29, reconsideration allowed, former opinion (302 Or App 407, 461 P3d 249) withdrawn; reversed and remanded October 7, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NATHAN OXFORD,
aka Nathan Daniel Oxford,
*Defendant-Appellant.*

### Multnomah County Circuit Court
140230856; A161408

474 P3d 465

Defendant, who was convicted of various sex crimes, seeks reconsideration of this court's decision in *State v. Oxford*, 302 Or App 407, 461 P3d 249 (2020). That opinion rejected, among other contentions, defendant's argument that his nonunanimous jury verdicts were unconstitutional. On reconsideration, defendant asserts, and the state concedes, that all of his convictions were based on nonunanimous jury verdicts and plainly violate the Sixth Amendment under the rationale of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). *Held*: In light of *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020), the trial court plainly erred in accepting nonunanimous jury verdicts. The Court of Appeals exercised its discretion to correct that error.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

Kathleen M. Dailey, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Reconsideration allowed; former opinion withdrawn; reversed and remanded.

## PER CURIAM

Defendant, who was convicted of two counts of first-degree sodomy, five counts of first-degree sexual abuse, and five counts of second-degree sodomy, moves for relief from default and seeks reconsideration of our decision in *State v. Oxford*, 302 Or App 407, 461 P3d 249 (2020). As explained below, we grant relief from default, grant reconsideration, withdraw our former opinion and disposition, and reverse and remand defendant's convictions in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020).

Our prior opinion, which was issued prior to the *Ramos* decision, addressed and rejected defendant's argument that the trial court erred in denying his motion for mistrial and rejected his other arguments, including an argument that the nonunanimous jury verdicts were unconstitutional, without discussion. *Oxford*, 302 Or App at 408. On reconsideration, defendant asserts, and the state concedes, that all of his convictions were based on nonunanimous jury verdicts and violate the Sixth Amendment to the United States Constitution under the rationale of *Ramos*. Defendant further asserts that acceptance of the nonunanimous verdicts constituted plain error. In *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

In addition to the petition for reconsideration, the parties have filed a joint motion for summary disposition of this case by unpublished order pursuant to ORAP 10.35. We conclude that disposition by way of ORAP 10.35 is not appropriate in this case, given that our disposition requires the withdrawal of a prior published opinion. Accordingly, the parties' joint motion for summary disposition is denied. However, in light of the parties' agreement that summary disposition is appropriate here, this court will waive the

provisions of ORAP 14.05 concerning the date of issuance of the appellate judgment, and order judgment to be issued immediately. *See* ORAP 1.20(5) (court may waive any ORAP on own motion for good cause).

Reconsideration allowed; former opinion withdrawn; reversed and remanded.