***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 6, 2021, affirmed February 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL MARK MORIARTY,
*Defendant-Appellant.*

Deschutes County Circuit Court
17CR07287; A169445

Stephen P. Forte, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction on two counts of harassment, ORS 166.065(4), arising from his conduct toward his teenage daughter, C.[1] He raises four assignments of error, challenging the admission of C's out-of-court statements, the denial of his motion for a mistrial, and the court's failure to ensure jury concurrence on the two counts of harassment. For the reasons explained below, we reject defendant's assignments of error and affirm.

In his first assignment of error, defendant challenges the admission of certain statements C made to an investigating detective and to a child abuse forensic interviewer at the Bend Kids Center, arguing that they were inadmissible under the hearsay provisions of the Oregon Evidence Code and the Sixth Amendment to the United States Constitution.[2] We review a trial court's evidentiary rulings for legal error. *State v. Pollock*, 251 Or App 755, 757-58, 284 P3d 1222 (2012), *rev den*, 353 Or 280, *cert den*, 571 US 851 (2013). We conclude that the trial court did not err in admitting the challenged evidence.

Following C's testimony at the trial, the state called the detective and the forensic interviewer and questioned them about their conversations with C regarding defendant's behavior toward her. The state also played a video of C's forensic interview from February 2017. Defendant assigns error to the trial court's admission of portions of the testimony and the video relating to an incident that occurred on January 31, 2017.[3]

---

[1] Defendant was acquitted of five counts of sexual abuse in the third degree and one additional count of harassment.

[2] The Sixth Amendment to the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]"

[3] Defendant does not challenge all the evidence from those sources. The challenged evidence concerned an interaction C had with defendant on January 31 that did not constitute any of the charges. C told the detective and the forensic interviewer that defendant had made an inappropriate comment to her while she was wearing only a towel, which made her uncomfortable. She also told the detective that in the same incident defendant pulled at her towel and partially blocked her exit from the bathroom.

Under OEC 803(18a)(b), statements made by a person concerning an act of abuse are not excluded as hearsay "if the declarant *** testifies at the proceeding and is subject to cross-examination ***." C testified at defendant's trial and was subject to cross-examination by defendant. Defendant argues that, because the out-of-court statements about January 31 were not admitted until after C testified, he did not have the opportunity to cross-examine her regarding their contents.[4] However, defendant had the right to recall C as a witness and to question her regarding her out-of-court statements, pursuant to OEC 806.[5] Because C testified and was cross-examined by defendant, the out-of-court statements were admissible under OEC 803(18a)(b). Furthermore, as established in *Pollock*, the confrontation clause of the Sixth Amendment is not implicated when the declarant takes the stand and is available for cross-examination. 251 Or App at 759 (noting that the defendant had the opportunity to cross-examine a child witness about her adoption of the statements in a DVD and could have recalled the victim under OEC 806 for cross-examination after the DVD was played, and his choice not to "did not impair his right to confront a witness against him"). We therefore conclude the trial court did not err in admitting C's prior out-of-court statements.

In his second assignment of error, defendant challenges the trial court's denial of his motion for a mistrial. We review the trial court's decision for an abuse of discretion. *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006), *cert den*, 549 US 1214 (2007).

Before trial, the parties agreed to redact the video of C's forensic interview to exclude references to domestic violence that defendant had committed against C's mother and brother. The state inadvertently played a version of the video that had not been completely redacted, thus presenting some of C's statements to the jury. Defendant moved for

---

[4] Defendant does not challenge the applicability of OEC 803(18a)(b) on the grounds that the statements were not about an act of abuse.

[5] OEC 806 states, in relevant part: "If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination."

a mistrial in response to the video. The trial court denied defendant's motion and instead instructed the jury not to consider any of C's allegations about domestic violence involving defendant and the other family members. The court also provided a correctly redacted copy of the interview to the jury for deliberations, explaining that the new video replaced the video played earlier.

On appeal, defendant argues that the trial court's denial of his motion for a mistrial was an abuse of discretion and denied him a fair trial. He asserts that the curative instruction was insufficient to cure the prejudice caused by C's descriptions of prior domestic violence.

The granting of a mistrial is a "drastic remedy that is to be avoided if possible" and the trial court is "in the best position to assess the effect of the complained-of incident and to determine the means necessary to correct it." *State v. Harris*, 303 Or App 464, 466, 461 P3d 1080, *rev dismissed*, 367 Or 291 (2020) (internal quotation marks omitted). We will only reverse a denial of a motion for a mistrial if the defendant was denied a fair trial. *Id.* at 466-67.

We conclude that defendant was not denied a fair trial. C's references to defendant's prior domestic violence toward C's mother and brother were brief and contained in a more substantive discussion regarding defendant's behavior toward C herself. The state did not emphasize the inadvertently admitted evidence in its closing statement. Most significantly, the court gave the jury a curative instruction, directing jurors not to consider any of the allegations of domestic violence involving other family members. Jurors are generally assumed to have followed a court's curative instruction unless there is an "overwhelming probability that the jury was incapable of following the instruction." *State v. Garrison*, 266 Or App 749, 757, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015) (internal quotation marks omitted). In previous cases we have held that a curative instruction appropriately addressed the wrongful admission of evidence that carried a greater risk of prejudice, such as testimony about a defendant admitting to having sexual fantasies about children and evidence of prior charges or

investigations for child sex abuse. *See Harris*, 303 Or App at 467-68 (summarizing prior cases). We therefore conclude that the trial court did not abuse its discretion in offering a curative instruction rather than declaring a mistrial.[6]

In his third and fourth assignments of error, defendant argues the trial court plainly erred in failing to give the jury a concurrence instruction with respect to precisely which actions constituted each count of harassment. Defendant acknowledges that this argument is unpreserved, but requests that we exercise our discretion to review for plain error.

When an indictment charges a single count of a particular offense, but the evidence would permit the jury to find multiple occurrences of the crime, a defendant is entitled to have the state "elect" the occurrence that it seeks to prove, or to have the court instruct the jury that it must agree on which occurrence constituted the crime. *State v. Ashkins*, 357 Or 642, 659, 357 P3d 490 (2015). Defendant was charged with three counts of harassment, yet the evidence referred to more than three separate occasions and types of potentially harassing behavior. Defendant argues that, because the jury was not instructed that it was required to rely only on particular occurrences in order to convict, it was possible that some jurors found him guilty based on some incidents and others may have relied on other incidents.

Assuming, without deciding, that the trial court plainly erred, we decline to exercise our discretion because we conclude that any error was harmless. *See State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (error is harmless if there was "little likelihood that the error affected the verdict"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court must exercise its discretion to consider or not to consider plain error). In its closing statement, the state specifically identified what conduct constituted

_____

[6] To the extent defendant assigns error to the content of the trial court's curative instruction and the trial court's explanation to the jury for the replacement video, we conclude that those arguments are not preserved. Defendant's counsel did not object to the wording of the curative instruction and agreed that the court's explanation for the replacement video was a reasonable way to handle the situation.

each count.[7] Though no formal election occurred, the jury was aware of the conduct associated with each charge, and indeed found defendant not guilty of one of the charges of harassment. We therefore conclude that there is little likelihood that the failure to formally elect or to give the jury a concurrence instruction affected the verdict.

Affirmed.

---

[7] Each charge of harassment mirrored a charge of sexual abuse in the third degree. The state described in detail which behavior made up each individual count. The jury found defendant not guilty of the sexual abuse charges.