84 November 8, 2023 No. 581

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN BUTLER DUBEY,
*Defendant-Appellant.*

Lane County Circuit Court
19CR83747; A177407

Debra K. Vogt, Judge.

Argued and submitted August 16, 2023.

Laura E. Coffin argued the cause for appellant. Also on the briefs was Luvaas Cobb.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals his convictions for three counts of first-degree sexual abuse of the 13-year-old victim, A. Defendant raises five assignments of error, challenging the trial court's admission of A's grand jury testimony during the state's rebuttal case. Although A testified during the state's case-in-chief, the state sought to admit her grand jury testimony to rebut defendant's two expert witnesses, who testified about "false memories" and how memories change over time, particularly when they are retold. For the reasons explained below, we reject defendant's assignments of error and affirm.

In his first assignment of error, defendant argues that the trial court's admission of A's grand jury testimony during the state's rebuttal—and not during A's direct examination—violated his federal and state confrontation rights. "[W]e review the trial court's ruling on the constitutional confrontation issues for errors of law." *State v. Kini*, 305 Or App 833, 835, 473 P3d 64 (2020) (citation omitted).

Under the state and federal constitutions, a defendant has the right to "meet the witnesses face to face" and "be confronted with the witnesses against him." Or Const, Art I, § 11; US Const, Amend VI. A confrontation clause violation does not occur when the declarant takes the stand and is available for cross examination. *See State v. Pollock*, 251 Or App 755, 759, 284 P3d 1222 (2012) ("[T]he victim's adoption on direct examination of the statements in the DVD provided [the] defendant with an adequate opportunity to cross-examine her as to those statements[,]" and the defendant's choice not to cross-examine or recall the witness "was his choice but did not impair his right to confront a witness against him"). In this case, because A took the witness stand, adopted her grand jury testimony, and was available for cross-examination about that testimony, the court did not infringe on defendant's confrontation rights by admitting A's grand jury statement during the state's rebuttal. *Id*. We therefore reject defendant's first assignment of error.

Next, defendant argues that the trial court erred in determining that A's grand jury statement was not hearsay

for the reason that it was a "prior statement" under the hearsay exceptions of OEC 801(4).[1] According to defendant, OEC 801(4) does not apply, because (1) A was not subject to cross-examination regarding her later-admitted statements, and (2) A's consistent statements to the grand jury were not relevant to rebut defendant's charge of recent fabrication, because defendant's theory at trial was that A developed the motive to fabricate her story in 2016—not after the 2019 grand jury testimony.

"Whether evidence is hearsay is a question of law." *State v. Kaino-Smith*, 277 Or App 516, 523, 371 P3d 1256 (2016) (citation omitted). Defendant's first argument fails, because, as noted, A was a witness at trial, questioned by the state about her grand jury testimony, and cross-examined by defendant. *See United States v. Owens*, 484 US 554, 561, 108 S Ct 838, 98 L Ed 2d 951 (1988) ("[A] witness is regarded as 'subject to cross-examination' when he is placed on the stand, under oath, and responds willingly to questions.").

As for defendant's second argument, because defendant attacked A's memory through his expert witness's testimony, A's grand jury testimony was admissible to rebut the charge of recent fabrication. OEC 801(4)(a)(B); *see State v. Smith*, 307 Or App 144, 151, 476 P3d 521 (2020) ("The other way to open the door to the admission of [prior consistent statements] is to insinuate that the witness fabricated his story by raising, through cross-examination, questions regarding the witness's actual memory of events." (Citing *State v. Johnson*, 340 Or 319, 343, 131 P3d 173 (2006).)). Thus, the trial court did not err in determining that the grand jury testimony was not hearsay pursuant to OEC 801(4).

---

[1] OEC 801(4)(a)(A) and (B) provide:

"(4) A statement is not hearsay if:

"(a) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement:

"(A) Is inconsistent with the testimony of the witness and was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition;

"(B) Is consistent with the testimony of the witness and is offered to rebut an inconsistent statement or an express or implied charge against the witness of recent fabrication or improper influence or motive[.]"

In his third assignment of error, defendant argues that the trial court erred in admitting A's grand jury testimony, because it contained evidence of uncharged misconduct. We conclude that any error in admitting evidence of uncharged misconduct was harmless, because the jury had already heard unrebutted evidence of other uncharged misconduct toward A, and the evidence within the grand jury proceeding had little likelihood of affecting the verdict. *See State v. Gibson*, 338 Or 560, 575, 113 P3d 423 (2005) ("A criminal defendant who assigns error to the exclusion or admission of evidence must establish that the error was not harmless. Moreover, Article VII (Amended), section 3, requires an appellate court to affirm a conviction, notwithstanding any evidentiary error, if there was little likelihood that the error affected the verdict." (Internal quotation marks and citations omitted.)).

Finally, defendant argues that A's grand jury testimony exceeded the scope of rebuttal. We review challenges relating to the scope of rebuttal for abuse of discretion. *State v. McDonnell*, 343 Or 557, 579, 176 P3d 1236 (2007). Even if evidence could have been introduced during the state's case-in-chief, "when such evidence becomes relevant on rebuttal[,]" the trial court "has broad discretion to allow rebuttal evidence." *Id.* When the rebuttal evidence "directly refer[s]" to evidence presented by the defendant, it does not exceed the scope of proper rebuttal. *Id.* Here, as a result of defendant's evidence regarding how memories change each time someone retells a story, A's grand jury testimony was relevant to show that A's memory had not changed. Thus, the trial court did not abuse its discretion by admitting the grand jury evidence.

Affirmed.