No. 89 February 11, 2026 99

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNEY VITO LUNGO VANDEN BROEDER,
aka Johnny Vito L. Vanden Broeder,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR25661; A181047

Susie L. Norby, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for one count each of second-degree kidnapping, unlawful use of a weapon, coercion, strangulation, menacing, and second-degree criminal mischief, and two counts each of fourth-degree assault and harassment. On appeal, he raises four assignments of error. For the following reasons, we affirm.

*Mistrial based on dismissed witness tampering charges*: In his first assignment of error, defendant argues that the trial court erred when it denied his motion for a mistrial after the state dismissed the previously charged witness tampering counts. In addition to the counts at issue in this appeal, the state also separately charged defendant with five counts of witness tampering. Although those charges were consolidated for trial, the trial court ultimately dismissed the tampering charges midtrial because of a pleading error. After the dismissal, defendant moved for a mistrial, arguing that he could not receive a fair trial because the jury might consider the dismissed charges and the prosecutor's opening statement in its deliberation of the remaining charges. The trial court denied his motion and instead gave the jury a curative instruction that was drafted with input from both parties.

We review the trial court's denial of a mistrial motion for abuse of discretion. *State v. Garrison*, 266 Or App 749, 755, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015). A mistrial is a "drastic remedy to be avoided if possible." *State v. Harris*, 303 Or App 464, 466, 461 P3d 1080, *rev dismissed*, 367 Or 291 (2020) (internal quotation marks omitted). Trial courts have many remedies short of mistrial to ensure that a defendant is not denied a fair trial, including providing curative instructions. *Id.* at 466-67.

Here, after the state dismissed the witness tampering charges, the parties and the court worked together to craft a jury instruction explaining that the jury was "required to disregard any statements made by the attorneys or by the [c]ourt that referenced the allegations of Tampering With a Witness." The curative instruction also reminded the jury that the parties' arguments and the court's statements were

not evidence. Further, the curative instruction reinforced the general jury instructions, which provided that neither the indictment nor the parties' opening statements were evidence, and that defendant was presumed innocent. The trial court acted within its discretion in concluding that the curative instruction ensured that defendant was not denied a fair trial, and it therefore did not err in denying defendant's motion for a mistrial.

*Mistrial based on trial court's incorrect mention of rape and sodomy charges*: In his second assignment of error, defendant argues that the trial court plainly erred by not *sua sponte* declaring a mistrial after incorrectly mentioning that defendant had been charged with rape and sodomy. At the close of the case, the judge began to read the jury instructions and stated that "defendant is charged with Rape in the First Degree, three counts of Sodomy in the First Degree," and then immediately interrupted herself, saying, "oh, I'm reading from a different—he is not charged with any of that. I am so sorry." The judge explained that she "was using a prior set of jury instructions because my assistant was gone and I was trying to modify them to fit this case." She told the jury that "luckily, you are not considering any of those things. It could have been worse." After summarizing the actual charges against defendant, the judge "emphatically" stated that "this Defendant is not now nor has he ever faced the charges from the prior instructions I used for a prior Defendant. Please do not consider my blunder in any way."

Because defendant did not move for a mistrial at the time, we review for plain error. An error is "plain" when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). To find a plain error, defendant must show that it is beyond dispute that he was denied a fair trial, as a matter of law, when the trial court incorrectly stated that he had been charged with rape and sodomy and that, therefore, the only permissible legal option for the trial court was to *sua sponte* declare a mistrial. *See State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022). Here, we cannot conclude that the trial court's misstatement

prejudiced defendant, especially given that the trial court immediately crafted a direct curative instruction to address the misstatement. In light of the exceptionally high standards for a mistrial, on this record, we conclude that the trial court did not plainly err.

*Admission of video recordings of calls of defendant while in custody*: In his third assignment of error, defendant argues that the trial court erred when it permitted the state to introduce video recordings of calls that defendant made while in custody. The state introduced the video recordings as evidence in support of the later-dismissed witness tampering charges, as well as to show defendant's consciousness of guilt on the kidnapping charge. On appeal, defendant maintains, as he did to the trial court, that the evidence that he was in custody at the time of the calls was inadmissible as irrelevant under OEC 401 and was unduly prejudicial under OEC 403.

We review the trial court's ruling on the admission of evidence as relevant for legal error. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). A trial court's decision to admit evidence over an OEC 403 objection for unfair prejudice is reviewed for an abuse of discretion. *Id.*

The video recordings depicted defendant making calls to friends while he was in custody. On the calls, defendant made statements about the criminal charges against him, asked his friends to make attempts to prevent the victim from testifying so that the charges would be dropped, and, in response to a question, observed that a possible witness tampering charge was better than a kidnapping charge. The trial court determined that the visual depiction of defendant in custody helped to explain the context of the calls and it was relevant to "his motivation to make the statements at all" and "arguably [his] incentive or motivation to want to not extend his lack of liberty." Relevance is a low threshold for the admission of evidence, *see State v. Naudain*, 368 Or 140, 149, 487 P3d 32 (2021), and the trial court did not commit legal error when it concluded that that threshold was met in this case.

We further conclude that the trial court did not abuse its discretion when it concluded that the probative

value of the video recordings was not outweighed by the danger of unfair prejudice. Defendant argues that knowledge that he was in custody would lead the jury to improperly reason that he was guilty or dangerous. But the trial court found that the jury already knew defendant had been in custody in the past because it was mentioned in other admissible evidence. The trial court further found that the video recordings were from the past and did not indicate defendant's current custody status, that defendant was not in jail clothes in the video recordings, and that the video recordings were not obviously made in a jail setting. On that record, the trial court's decision to admit the evidence over defendant's OEC 403 objection was within the range of permissible legal outcomes and was not an abuse of discretion.

*Motion for judgment of acquittal on kidnapping charge*: In his fourth assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal on the kidnapping charge. On appeal, defendant argues that the record lacked sufficient evidence to prove that he took the victim "from one place to another" (asportation) and that the record lacked sufficient evidence to prove that he acted with the "intent to interfere substantially with another's personal liberty" (intent). ORS 163.225 (defining kidnapping in the second degree).

On review of a denial of a motion for judgment of acquittal, we "view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998).

Initially, we conclude that defendant did not preserve his argument regarding the intent element, and we decline to address it as plain error. As to the asportation element of kidnapping, the record contains sufficient evidence to prove that defendant took the victim from one place to another. Defendant and the victim were driving home in defendant's truck when the victim asked defendant to let her out of the car. He did not. Instead, he continued to drive with her in the truck, turned down an unfamiliar road, and pulled the victim back into the truck when she attempted to

get out. After the victim was able to get free, defendant left her on the side of the road and drove away, which meant that the victim had to walk back to the house. In the light most favorable to the state, a reasonable factfinder could determine that the state proved that, "as a matter of situation and context, the victim's ending place [was] qualitatively different from the victim's starting place." *State v. Sierra*, 349 Or 506, 513, 254 P3d 149 (2010), *adh'd to as modified on recons*, 349 Or 604, 247 P3d 759 (2011) (explaining when a defendant has moved a victim from one place to another under ORS 163.225). The trial court did not err when it denied defendant's motion for judgment of acquittal.

      Affirmed.